Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINA MARSH, an individual, | Case No.: '15CV1847 JLS BLM |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| MOUNTAIN LION ACQUISITIONS, INC., a corporation, and LAW OFFICE OF D. SCOTT CARRUTHERS, a professional law corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

//
//

## II.  JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3.  Plaintiff ANGELINA MARSH is a natural person residing in the state of California, County of San Diego.

4.  Defendant MOUNTAIN LION ACQUISITIONS, INC. ("MOUNTAIN LION") at all times relevant was a corporation in the business of collecting debts in San Diego County, California operating from an address at 8448 Katella Avenue, Stanton, CA 90680.

5.  Defendant LAW OFFICE OF D. SCOTT CARRUTHERS ("CARRUTHERS") at all times relevant was a professional law corporation in the business of collecting debts in San Diego County, California operating from an address at 8448 Katella Avenue, P.O. Box 228, Stanton, CA 90680.

6.   Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

7.  The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

8. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

9. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

## IV. FACTUAL ALLEGATIONS

10. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

11. At a time unknown, MOUNTAIN LION and its attorney, CARRUTHERS, (collectively "Defendants") acquired information regarding an alleged Southeast Financial Credit Union debt (the "Debt") that Plaintiff had incurred.

12. In November 2014, Defendants began calling Plaintiff in an attempt to collect the DEBT.

13. Over the course of several months, Defendants called Plaintiff on numerous occasions in an attempt to collect the Debt.

14. It is estimated that Defendants called Plaintiff over fifty times.

15. Defendants called Plaintiff at work and on her cell phone.

16. Plaintiff requested that Defendants stop calling her at work.

17. Despite Plaintiff's request to cease all communication, Defendants ignored Plaintiff's cease and desist request and continued to call her at work.

18. Defendants continued to call her at work and spoke with employees at Plaintiff's work and disclosed details regarding the Debt.

19. Defendants spoke with Plaintiff's receptionist and boss at Plaintiff's work and disclosed details regarding the Debt.

20. The amount and frequency of the calls rose to the level of harassment.

21. As a result of the acts alleged above, Plaintiff suffered emotional distress.

//
//

## V.  FIRST CAUSE OF ACTION

### (As against Defendants for Violation of the FDCPA)

22. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

23. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) The Defendants violated 15 U.S.C. § 1692b(1) by contacting a person other than the Plaintiff and failing to identify him/herself, and/or failing to state that he/she is confirming or correcting location information concerning the plaintiff.

(b) The Defendants violated 15 U.S.C. § 1692b(2) by communicating with persons other than the Plaintiff and stating that the Plaintiff owes debt;

(c) The Defendants violated 15 U.S.C. § 1692b(3) by communicating with persons other than the Plaintiff and contacting that person more than once;

(d) The Defendants violated 15 U.S.C. § 1692c(a)(1) by communicating with the Plaintiff at an unusual time or place and/or communicating with the Plaintiff at a time or place known or which should have been known to be inconvenient to the Plaintiff;

(e) The Defendants violated 15 U.S.C. § 1692c(a)(3) by contacting the Plaintiff's place of employment when the debt collector knew or had reason to know that the Plaintiff's employer prohibited such communication;

(f) The Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

(g) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt;

(h) The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to

ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt; and

(i) The Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt.

24. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

(a) Actual damages;
(b) Statutory damages pursuant to 15 U.S.C. §1692k;
(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and
(d) For such other and further relief as the Court may deem just and proper.

Date: August 19, 2015

_____s/ Jeremy S. Golden_____
Jeremy S. Golden
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: August 19, 2015

_____s/ Jeremy S. Golden_____
Jeremy S. Golden
Attorney for Plaintiff